UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 2:22-cv-00545-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: May 13, 2022

Petitioner, a bar-order litigant, has filed a motion to proceed *in forma pauperis* ("IFP") and an application to file a successive petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. 1; Dkt. 1-1. However, "[b]efore a second or successive application is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A); *see also, e.g.*, *Demos v. United States*, No. C21-1188-JCC-MLP, 2021 WL 4896476, at *1 (W.D. Wash. Sept. 8, 2021) ("[Petitioner] may not proceed with a second or successive habeas petition [] unless and until the Ninth Circuit authorizes its filing . . . ." (citation omitted)), *report and recommendation adopted*, 2021 WL 4893428 (W.D. Wash. Oct. 20, 2021). Because Petitioner filed his application to file a

successive § 2254 petition in this Court, he improperly filed it. Therefore, this case should be dismissed without prejudice. Petitioner may, if he wishes, attempt to file his application to file a successive § 2254 petition in the Ninth Circuit. A certificate of appealability should be denied because reasonable jurists would not debate that the Court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).[1]

Accordingly, it is **RECOMMENDED** that:

(1) This case be **dismissed without prejudice**.

(2) Petitioner's IFP motion (Dkt. 1) be **denied as moot**.

(3) A certificate of appealability be **denied**.

(4) This case be **closed**.

---

[1] Because the Clerk designated this case as a § 2241 action, the undersigned is making a recommendation about a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("[S]tate prisoners proceeding under § 2241 must obtain a [certificate of appealability]." (citation omitted)).

REPORT AND RECOMMENDATION - 2

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the petitioner shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 13, 2022** as noted in the caption.

Dated this 26th day of April, 2022.

David W. Christel
United States Magistrate Judge